**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL PETZOLD )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>REDLINE RECOVERY SERVICES, LLC )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br>FILE NO._____<br><br>**COMPLAINT WITH<br>JURY TRIAL DEMAND** |

NOW COMES PLAINTIFF DANIEL PETZOLD ("Plaintiff") complaining against DEFENDANT REDLINE RECOVERY SERVICES, LLC ("Defendant") and averring as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331. This court has supplemental jurisdiction over the New York State claim pursuant to 28 USC § 1367(a).

## III. PARTIES

3. Plaintiff, Daniel Petzold ("Plaintiff"), is a natural person residing in the State of Tennessee.

4.      Defendant, Redline Recovery Services, LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.      Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt.  During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action, including Defendant's representative stating to Plaintiff during their initial June 29, 2009 telephone call that, despite Plaintiff having timely disputed the alleged debt in writing to a previous creditor five months earlier and never having received validation of the debt, that Plaintiff needed to pay immediately within 48 hours or Defendant would have his taken to Court!(§ 1692e(4));

   b) Making representations to Plaintiff during the 30-day dispute period that are inconsistent with the disclosures required by 15 USC § 1692g(a), including Defendant's actions toward Plaintiff as described in Paragraph 1 herein which would serve to overshadow the Plaintiff's right to dispute the alleged debt (§ 1692g(b)); and

    c) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant's failure to provide the Plaintiff with any writing whatsoever tending to advise Plaintiff of his right to dispute the alleged debt or any portion thereof within the required statutory time frame (§ 1692g(a)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### **COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;

    B.    Actual damages pursuant to 15 USC 1692k and the Common Law of New York;
    C.    Statutory damages pursuant to 15 U.S.C. § 1692k;
    D.    Punitive Damages pursuant the Common Law of New York;
    E.    Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of New York; and,
    F.    For such other and further relief as may be just and proper.

This __19th___ day of January, 2010.

                ATTORNEY FOR PLAINTFF
                DANIEL PETZOLD

                Respectfully submitted,

                _____
                Dennis R. Kurz
                NY Bar No. 4570453
                ***Kurz & Fortas, LLC***
                Attorneys for Plaintiff
                80 Broad Street, 5th Floor
                New York, NY 10004
                (866) 971-7208 x 412
                (866) 971-7209 (fax)
                dkurz@Attorneysforconsumers.com

***PLEASE SEND ALL CORRESPONDENCE TO:***
Dennis R. Kurz
Kurz & Fortas, LLC
1936B North Druid Hills Road
Atlanta, Georgia 30319